IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARWIN ELIAS RAYO-GUTIERREZ      :
                                 :
                  Petitioner,    :     3:26-cv-1287
                                 :     (JUDGE MARIANI)
        v.                       :
                                 :                    FILED
                                 :                  SCRANTON
WARDEN, PIKE COUNTY              :
CORRECTIONAL FACILITY            :                  JUN 09 2026
                                 :
                  Respondent.    :     PER_____
                                                DEPUTY CLERK

## MEMORANDUM OPINION

### I.    FACTUAL BACKGROUND

On May 13, 2026, Petitioner Darwin Elias Rayo-Gutierrez ("Petitioner"), a citizen of

Nicaragua residing in the United States since 2021 with no criminal record and pending

asylum application, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241. (Doc. 1). Petitioner is detained at the Pike County Correctional Facility within the

Middle District of Pennsylvania and names as Respondent the Warden of the Pike County

Correctional Facility.

On October 12, 2021, Petitioner was encountered by United States Customs and

Border Patrol officers near Rio Grande Valley, Texas and arrested. (Doc. 5-2 at 2). After

immigration authorities found Petitioner had credible fear of persecution in Nicaragua, he

was released into the United States in order to pursue his asylum claims. (*Id.* at 1). On

January 22, 2022, Petitioner was served a Notice to Appear by regular mail, charging him

removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. (Doc. 5-3 at 1).

On February 18, 2026, ICE Enforcement and Removal Operations officers arrested Petitioner in Williamsport, Pennsylvania. (Doc. 5-4). Petitioner has been held at the Pike County Correctional Facility without bond since February 24, 2026. A review of the automated case information contained on the Executive Office of Immigration Review's website reveals that Petitioner has a hearing before an Immigration Judge ("IJ") on June 11, 2026. As such, Petitioner does not have a final order of removal.

Petitioner claims he is being unlawfully detained by Respondent without a bond hearing under the mandatory detention provision of the INA, 8 U.S.C. § 1225(b), instead of the discretionary detention provision of the INA, 8 U.S.C. § 1226(a). This distinction matters because noncitizens detained pursuant to 8 U.S.C. § 1225(b) are not entitled to a bond hearing, whereas noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to a bond hearing before an IJ. *Patel v. O'Neil*, 2025 WL 3516865, at *2 (M.D. Pa. Dec. 8, 2025) (citations omitted). Petitioner further claims that his detention without a bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution.

As directed by the Court, the Respondent filed a response to the Petition on May 19, 2026. (Doc. 5). The Respondent does not dispute the factual allegations contained in the Petition. Rather, the Respondents set forth legal arguments as to why Petitioner's detention is lawful under 8 U.S.C. § 1225(b.) (*Id* at 2) ("Petitioner is properly detained under 8 U.S.C.

2

§ 1225(b) and is not eligible for release under 8 U.S.C. § 1226(a); therefore, his Petition should be denied.").  But, as discussed more fully below, Respondent's interpretation of the INA—the same one they advance here—has already been rejected by this Court and the overwhelming majority of federal judges to address this issue.  *See Patel*, 2025 WL 3516865, at *4 n.7 (M.D. Pa. Dec. 8, 2025 (collecting cases).  Indeed, the United States Court of Appeals for the Second Circuit rejected the same interpretation advanced by the Respondent.  *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.").  The United States Court of Appeals for the Eleventh Circuit and the Sixth Circuit have also rejected the Respondent's interpretation of the statutory provision at issue here.  *See Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11 Cir. 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (similar).

3

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

Although not raised by either party, the Court has jurisdiction to consider the petition.[1]

---

[1]    The Court incorporates by reference its prior analyses set forth in similar habeas petitions filed by civil immigration detainees. *See Patel*, 2025 WL 3516865, at *1-7; *see also Richeme v. Warden*, 2026 WL 937546, at *1-7 (M.D. Pa. Apr. 7, 2026). Furthermore, Petitioner is not required to exhaust his administrative remedies. *Id.*

Turning to the merits of the Petition, the Court will first consider the two statutory

provisions of the INA at issue.  8 U.S.C. § 1225(b) is a statute entitled "Inspection by

immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing."

It provides, in relevant part:

**(b) Inspection of applicants for admissions**
   **(2) Inspection of other aliens**
      **(A) In General**
      Subject to subparagraph (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings] of this title.

8 U.S.C. § 1225(b)(2)(A).  8 U.S.C. § 1226, in contrast, is entitled "Apprehension and

detention of aliens."  It provides, in relevant part:

**(a) Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
   (1) may continue to detain the arrested alien; and
   (2) may release the alien on—
      (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
      (B) conditional parole; but
   (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

5

8 U.S.C. § 1226(a).  Respondent is currently detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).  It is undisputed that Petitioner has not been charged with or convicted of a criminal offense and does not have a final order of removal.

As the Court previously found, "the overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. § 1226(a) and accordingly are entitled to a bond hearing." *Patel*, 2025 WL 3519895, at *4 (collecting cases). "These courts have further found that the statutory provisions of the INA that Respondents' claim divest this Court of jurisdiction do not apply to persons similarly situated to Petitioner and that there is no need to exhaust administrative remedies prior to filing a habeas petition." *Id.*

As before, "the Court finds that the near universal rejection of Respondents' interpretation of the INA by federal district courts to be highly persuasive and will adopt the same approach." *Id.* at *5.  Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the INA because the plain language of this provision and the statutory framework of the INA compels a finding that § 1225(b)(2)(A) applies only to noncitizens who are affirmatively seeking admission to the United States, not noncitizens like Petitioner who

6

have resided in the United States for years.[2] *See Bethancourt Soto v. Soto*, 807 F. Supp. 3d. 397, 408 (D.N.J. 2025) ("For all these reasons, the Court concludes that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States.  Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States 'for over seven years.'"); *see also Patel*, 2025 WL 3516865 at *5 (same).

Like other Courts to address this issue, the Court finds that Respondent's interpretation of the phrase "seeking admission" violates the rule against surplusage, would negate the plain meaning of the text, and make redundant Section 1226(c) mandatory detention of noncitizens who have committed or are charged with certain specified crimes.[3] *See Centeno Ibbara*, 2025 WL 3294726, at *5-6 ("The government's interpretation of § 1225(b)(2) violates the rule against surplusage.  If 'an applicant seeking admission' is the same as 'an applicant for admission,' then 'seeking admission' is surplusage.  Congress has

---

[2]    The Supreme Court has also acknowledged that 8 U.S.C. § 1226 "generally governs the process of arresting and detaining ... ***aliens already in the country pending the outcome of removal proceedings***." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (emphasis added); *Id.* at 303 ("As noted, § 1226 applies to aliens already present in the United States."). In addition, despite the Board of Immigration Appeals holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like Petitioner, "[t]his Court owes no deference to an agency's interpretation that conflicts with the statute's unambiguous text." *Bethancourt Soto*, 807 F. Supp. 3d at 408 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024)).

[3]    "If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*).  None should be ignored.  None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (Thomson/West eds., 1st Ed. 2012).

also recently adopted provisions in § 1226 that would be made superfluous under the government's interpretation.  If a noncitizen enters the country illegally and is subsequently convicted or charged with certain crimes, these new provisions require that noncitizens be detained without a bond hearing.  Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or conviction.  If this was the case, Congress would have no need to create additional requirements for mandatory detention.").

Here, although Petitioner is an "applicant for admission," he is not "seeking admission" into the United States.  Because Petitioner is not "seeking admission" into the United States, Section 1225(b)(2)(A) does not apply to him.[4]  *See Barbosa da Cunha*, 175 F.4th at 74 ("Here, although Petitioner is an applicant for admission under the statutory definition because he is present in the country and has never been admitted, it simply cannot be said that he is 'seeking admission,' as he is not requesting lawful entry into the United States.").  Accordingly, the Court will grant Petitioner's petition.

---

[4]     The Court acknowledges that Respondent cite to the Fifth Circuit's recent decision in *Buenrosto-Mendez v. Bondi*, 166 F.4th 484 (5th Cir. 2026) , in which the Fifth Circuit—in a 2-1 decision—held that noncitizens like Petitioner were "applicants for admission" to the United States who were "seeking admission" and were thus subject to the INA's mandatory detention provision. The Fifth Circuit's ruling is not binding on this Court.  Similarly, the Court is aware of the Eighth Circuit's decision in *Avila v. Bondi*, holding that noncitizens are subject to mandatory detention as an "applicant for admission" who was "seeking admission." *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  The Eighth Circuit's holding is not binding on this Court.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted because his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing is unlawful. Because the Respondent maintains that a bond hearing is not required and the Respondent's interpretation is inconsistent with the INA, Respondent will be directed to immediately release Petitioner Darwin Elias Rayo-Gutierrez from the custody of the Warden of Pike County Correctional Facility, and file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Petitioner Darwin Elias Rayo-Gutierrez has been released from custody.  *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (acknowledging that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *see also Bethancourt Soto*, 807 F. Supp. 3d at 410 (ordering immediate release); *Flores Obando*, 2025 WL 3452047, at *3 (same); *Kashranov*, 2025 WL 3188399, at *8 (same); *Patel*, 2025 WL 3516865, at *6 (same).

Respondent will further be permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225, absent a compelling change in circumstances.  *See Bethancourt Soto*, 807 F. Supp. 3d at 410 (permanently enjoining respondents from detaining petitioner under § 1225 where petitioner did not file a motion for temporary restraining order or motion for preliminary injunction); *see also Maldonado*, 2025 WL 2985256, at *7 ("The Court grants the writ of habeas corpus and orders Respondents to release Petitioner within 24 hours. . . .

Following Petitioner's release, Respondents are permanently enjoined from rearresting or otherwise detaining Petitioner under § 1225(b)(2)."); *Patel*, 2025 WL 3516865, at *7

If Respondent elects to later detain Petitioner under 8 U.S.C. § 1226(a), the Respondent must provide Petitioner with notice and an opportunity to be heard at a timely individualized bond hearing, where an IJ will assess whether he is a danger or flight risk. A separate Order follows.

Robert D. Mariani
United States District Judge

10